UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 3:22-cv-30041

| | |
|---|---|
| STEPHEN FOOTE, et al. | ) |
|     Plaintiffs | ) |
| | ) |
| vs. | ) |
| | ) |
| LUDLOW SCHOOL COMMITTEE, et al. | ) |
|     Defendants | ) |

## DEFENDANTS' MOTION FOR AN EXTENSION OF TIME IN WHICH TO RESPOND TO PLAINTIFFS' COMPLAINT

Now come the defendants in the above-captioned action and respectfully move for an extension of time in which to respond to plaintiffs' complaint. Defendants request an extension of sixty days from the date of the Court's order or sixty days after plaintiff complies with Federal Rule of Civil Procedure 5.1, whichever is longer. See Fed. R. Civ. P. 5.1(c); 12(a)(1)(ii). As grounds therefor and in support thereof, defendants state as follows:

A.    <u>Defendants Have Offered to Waive Service of Process</u>.

On April 27, 2022, the undersigned David S. Lawless, Esq. contacted plaintiffs' counsel, Andrew Beckwith, Esq. to suggest that defendants waive service of process. Plaintiffs' counsel declined that courtesy because it would give defendants additional time to respond to the complaint. See Fed. R. Civ. P. 4(d);12(a)(1)(ii).

Not all defendants have been properly served. Plaintiffs' counsel confirmed on April 28, 2022, that service has not been made on defendant, Jordan Funke. See Email Correspondence, attached hereto as Exhibit 1 (with redacted attachments). Plaintiff has attempted service on defendants, Todd Gazda and Stacy Monette. See *Id.* Notably, on April 28, 2022, plaintiffs'

655955

counsel also wrote, "I understand you had some concerns about effective service on Mr. Gazda, but I have confirmed via phone with his Executive Assistant, Victoria Lucadello, that his office received the complaint on April 15, 2022." See *Id*. Contrast Mass. R. Prof. C. 4.2.[1] It is defendants' position that the attempted service on Mr. Gazda and Ms. Monette is insufficient. See Fed R. Civ. P. 4(e); *Darby v. Lelling*, No. 20-CV-11115-DJC, 2022 WL 220313, at *4 (D. Mass. Jan. 25, 2022) ("Leaving process at a defendant's place of business or employer is insufficient unless the person to whom the process is delivered is authorized to receive service on the individual's behalf"); *Foley v. Walsh*, 33 Mass. App. Ct. 937, 937-938, n.1 (1992). Nonetheless, defendants will waive service of process in the event that the instant motion is allowed.

B.   <u>An Extension of Time is Substantively Warranted</u>.

Plaintiffs' complaint is prolix. It is 54 pages long, excluding verifications. See Dkt. No. 1. It contains 181 paragraphs and a prayer for relief that is over two pages long. See *Id*. The complaint purports to assert five causes of action that defy ready characterization, except to note that they assert violations of plaintiffs' Fourteenth Amendment rights (Counts I-III), First Amendment rights (Count IV), and plaintiffs' rights under the Massachusetts Constitution (Count V). See Dkt. No. 1. At 35-51. Defendants submit that the requested extension of time is required so that defendants can make a full analysis of plaintiffs' claims and respond appropriately.

C.   <u>The Need to Confer Pursuant to Local Rule 7.1 Before Filing a Motion to Dismiss Militates in Favor of the Extension Sought</u>.

Defendants' initial analysis is that plaintiffs' complaint is subject to a motion to dismiss on multiple grounds. As the most obvious example, the Ludlow School Committee is not subject to suit. A municipal school committee is not a "body corporate and politic" that is independently

---

[1] Defendants' counsel trusts that plaintiffs' counsel will refrain from any communication with defendants or their assistants in the future. See Exhibit 1.

655951

subject to suit. See *Martins v. Town of Rockland*, 66 Mass. App. Ct. 1118, 2006 WL 204268 at *1 n.2 (July 21, 2006) (Rule 1:28 decision) (claim against municipal school committee "dismissed, as it is not subject to suit as separate entity under G.L. c. 258, §§ 1 & 2"). See also, e.g., *Curran v. City of Boston*, 777 F. Supp. 116, 120 (D. Mass. 1991) (holding that the Boston Police Department was a "non-person" and, as such, "not a suitable entity"); *Henschel v. Worcester Police Dept.*, 445 F.2d 624 (1st Cir. 1971).

Plaintiffs' constitutional claims appear to rest on rights that are not clearly established, even assuming, without conceding, that they exist at all. See generally, *Parker v. Hurley*, 229 F.3d 87 (1st Cir. 2008). Defendants anticipate that consultation pursuant to Local Rule 7.1 will be required prior to the filing of a motion to dismiss and, in some instances, to clarify exactly what rights plaintiffs are asserting are in issue. The requested extension will allow the parties the opportunity to consult as required and will not prejudice any party.

D.     <u>Plaintiffs Have Failed to Comply with Federal Rule of Civil Procedure 5.1</u>.

Plaintiffs' complaint draws into question the constitutionality of M.G.L. c. 76, § 5. See Dkt. No. 1 at ¶¶ 21-24. Federal Rule of Civil Procedure 5.1 provides, in part:

> A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:
>
> (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:
>
> (A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or
>
> (B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and
>
> (2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned—or on the state attorney general if a state statute is questioned—either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

Fed. R. Civ. P. 5.1(a). The requested extension will allow plaintiffs time to comply with Rule 5.1 and for the Massachusetts Attorney General's Office to intervene, if it chooses to do so. See Fed. R. Civ. P. 5.1(c).

## CONCLUSION

For the foregoing reasons, defendants request an extension time in which to respond to the complaint of sixty days from the date of the Court's order or sixty days after plaintiff complies with Federal Rule of Civil Procedure 5.1, whichever is longer.

## CERTIFICATE OF CONSULTATION PURSUANT TO LOCAL RULE 7.1

As set forth above and in Exhibit 1 hereto, counsel for the defendants has conferred with counsel for the plaintiffs and has attempted in good faith to resolve or narrow the issue presented in the instant motion.

Respectfully submitted,
THE DEFENDANTS,
LUDLOW SCHOOL COMMITTEE,
LISA NEMETH, TODD GAZDA,
STACY MONETTE, MARIE-CLAIRE FOLEY
AND JORDAN FUNKE

By */s/ David S. Lawless*
David S. Lawless, Esq., BBO #664754
    dlawless@robinsondonovan.com
Robinson Donovan, P.C.
1500 Main Street, Suite 2300
Springfield, Massachusetts 01115
Phone (413) 732-2301

655951

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants** on this 29th day of April, 2022.

                                                             /s/ David S. Lawless
                                                           David S. Lawless, Esq.

      **A courtesy copy of this motion will be provided to the Massachusetts Attorney General's Office.

655951