IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STEPHEN FOOTE, *et. al.* | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO. 3:22-cv-30041-MGM |
| | ) | |
| v. | ) | |
| | ) | |
| LUDLOW SCHOOL COMMITTEE, | ) | |
| *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME**

Plaintiffs, Stephen Foote, individually, and as Guardian and next friend of B.F. and G.F., minors, Marissa Silvestri, individually and as Guardian and next friend of B.F. and G.F., minors, Jonathan Feliciano, and Sandra Salmeron, by and through their attorneys of record ("Plaintiffs") submit this Memorandum of Law In Response to Defendants Motion for Extension of Time to Respond to Complaint, and in support thereof, allege as follows:

## INTRODUCTION

Plaintiffs have no dispute with Defendants' request for additional time to respond to the Complaint, particularly since, as the record reflects, as of the date of the filing of the Motion not all Defendants had been served. Ms. Funke, the only remaining Defendant who had not been served as of April 29, 2022, was served on May 4, 2022. (See Proof of Service). Plaintiffs do object to the asserted reasons behind the request and to Defendants' attempt to prejudice the court with pejorative descriptions of Plaintiffs' Complaint and pre-emptive arguments seeking its dismissal.

Defendants' most notable reason for seeking an extension of time is their claim that Plaintiffs have failed to comply with Federal Rule of Civil Procedure 5.1. Defendants' argument is without merit. Plaintiffs' mere recitation of background facts regarding a Massachusetts statute (Complaint, ¶¶ 21-23) does not raise a question regarding the constitutionality of that law necessary to trigger Rule 5.1. *Jett Bros. Distilling Co. v. City of Carrollton*, 252 U.S. 1, 6 (1920); *International Paper Co. v. Town of Jay*, 887 F.2d 338, 342 (1st Cir. 1989); *Peruta v. Cnty. of San Diego*, 771 F.3d 570, 574-75 (9th Cir. 2014). It is Defendants' acts and omissions, not the provisions of M.G.L. c. 76, § 5, that Plaintiffs allege are unconstitutional.

 Defendants took what should be a straightforward request for an extension of time, a request that Plaintiffs would have been willing to discuss if given an

opportunity for good faith, collegial dialog, and transformed it into a pejorative attack on Plaintiffs' Complaint itself. Defendants claim that service on some of them was insufficient, but agree to waive service if this Court grants their motion. (Motion, p. 2). Similarly, unwilling to await this Court's ruling on their claim regarding Rule 5.1, Defendants took it upon themselves to forward a copy of their Motion to the Attorney General of Massachusetts (Motion, p. 5), ostensibly to convince this Court that Rule 5.1 should apply despite the dearth of authority, or to bring the Attorney General into this case unnecessarily.

A reasonable extension of time to respond to the Complaint is warranted, but not for the spurious reasons put forth by Defendants.

## LEGAL ARGUMENT

### I.  Plaintiffs Are Not Questioning The Constitutionality Of A State Statute, So F. R. Civ. P. 5.1 Does Not Apply.

Defendants insist Plaintiffs should not be permitted to proceed until they comply with F.R.Civ.P. 5.1. (Motion pp. 3-4). However, Defendants fail to cite any authority for their proposition that Rule 5.1 applies to Plaintiffs' Complaint. (*Id.*). Apparently, Defendants want this Court to rule that Plaintiffs' factual allegations regarding the Legislature's inclusion of gender identity in the state's non-discrimination law (Complaint, ¶¶ 21-23) constitutes a constitutional challenge to the statute. However, Supreme Court and Court of Appeals precedents provide otherwise.

When, as is true here, Plaintiffs allege that Defendants have acted under color of law in a way that violates the Fourteenth Amendment to the United States Constitution but have not argued that a particular statute related to the Defendants' action is invalid, then Plaintiffs have not raised a question of constitutionality of a statute. *See Jett Bros.*, 252 U.S. at 6. "Whenever the power to enact a statute as it is by its terms, or is made to read by construction, is fairly open to denial and denied, the validity of such statute is drawn in question, **but not otherwise**." *Id.* (emphasis added).

Thus "[d]rawing in question the validity of a statute" requires more than "the mere objection to an exercise of authority under a statute, whose validity is not attacked." *Peruta v. County. of San Diego*, 771 F.3d 570, 574-75 (9th Cir. 2014) (quoting *Jett Bros*); *see also Wilson v. Cook*, 327 U.S. 474, 480–82 (1946) (suit challenging official's interpretation of state statute as applying to timber collected from U.S. land did not challenge the validity of the statute and thus the statute's constitutionality was not "drawn in question"). The only "objection" raised and decided in *Peruta* was the county's exercise of authority under state statutes, not the validity of the statutes themselves. *Id.* Therefore Rule 5.1 did not apply.

The same is true here. Plaintiffs have not questioned the power of the Massachusetts Legislature to enact M.G.L. c. 76, § 5 or amend it to include gender identity, nor the validity of the statute. Instead, Plaintiffs have merely listed the

4

Legislature's actions as factual background for the Department of Elementary and Secondary Education's ("DESE") promulgation of guidelines (Complaint, ¶¶ 23-29) that Defendants interpreted when taking actions alleged in the Complaint. (Complaint, ¶¶ 33-36). The validity of M.G.L. c. 76, § 5 is not at issue. Defendants' insistence that such is the case and forwarding the motion to the Attorney General notwithstanding, Rule 5.1 does not apply.

## II.   Defendants' Pejorative Description of Plaintiffs' Complaint And Pre-Emptive Arguments Regarding Why It Should Be Dismissed Do Not Support An Extension of Time To Respond.

While seeking to explain why they should have additional time to respond to the Complaint, Defendants launch into a thinly veiled attack on the sufficiency and validity of Plaintiffs' claims. (Motion, pp. 2-3). Defendants attach the pejorative label of "prolix" to the Complaint, implying that the length of the pleading and number of paragraphs *ipso facto* mean that it is unnecessarily verbose and tedious. Defendants' gratuitous opinion about the length of the Complaint is unnecessary to the determination of whether additional time is needed to respond and so must be viewed as an attempt to prejudice the Court at the outset of the case.

Similarly, Defendants' recitation of the bases for a proposed motion to dismiss belies and undermines their claim that an extension of time is required to analyze the complaint and determine how to respond. Defendants' statement that their initial analysis indicates that "plaintiffs' complaint is subject to a motion to dismiss on

multiple grounds," supported by citations (Motion p. 2), contradicts their assertion that "the requested extension of time is required so that defendants can make a full analysis of plaintiffs' claims and respond appropriately." (Motion, p. 2). If Defendants have already analyzed the Complaint and decided to file a motion to dismiss on various grounds, then they should not need another 60 days to analyze the Complaint to determine how to respond appropriately.

## III.   Rule 7.1 Does Not Justify Defendants' Request For An Extension Of Time.

Likewise, Defendants will not require 60 days to consult with Plaintiffs as required under Local Rule 7.1, particularly if Defendants follow the same "consultation" pattern that was followed for this Motion. As Exhibit 1 to the Motion demonstrates, Defendants did not consult with Plaintiffs, but did nothing more than advise Plaintiffs what was going to occur without an invitation or opportunity to respond.

Defendants' counsel stated that the motion was necessary because Plaintiffs did not accept his "courteous" offer to waive service. In reality, as the affidavits attached to the Exhibit and on file with the Court demonstrate, service had already been accomplished on all Defendants except Ms. Funke by the morning of April 27, 2022, before the initial telephone call between Defendants and Plaintiffs' counsel. Therefore, at the time of Defendants' counsel request to waive service, as to all but

Ms. Funke, any such waiver was unnecessary and moot.[1] Notably, Defendants continue to represent to the Court that Plaintiffs refused to accept the Defendants' offer to waive service, implying a lack of professional courtesy and cooperation by Plaintiffs. In fact, Plaintiffs could not accept an offer to waive something that already occurred.

Defendants effectively foreclosed any opportunity for Plaintiffs to "confer" and respond to counsel's April 28, 2022 correspondence by filing the instant Motion less than 24 hours after the email. Approximately 23 hours after Defendants' email, Plaintiffs' counsel sent a responsive email discussing the issues raised in Defendants' email, explaining again that agreeing to a 60-day extension would be inappropriate given the plaintiffs' request for injunctive relief and offering a proposed extension of 30 days from the date that Ms. Funke is served. (Exhibit A). However, the instant motion had already been filed several hours earlier. Defendants' motion also incorrectly implies contact between Plaintiffs' attorneys and Defendant Gazda.  As the attachment to Defendants' memo itself makes clear, that was not the case.  If Defendants anticipate following the same modus operandi

---

[1]     Defendants allege that service on Mr. Gazda and Ms. Monette was insufficient. Plaintiffs do not concede that claim. Nevertheless, if it were true, it would not change the fact that as to the majority of the Defendants, service was already accomplished at the time counsel was asking for a waiver and the attendant 60 days to respond.

and protocol for "meet and confer" under Local Rule 7.1 as to the response to the Complaint, then that should not require an extension of time.

## CONCLUSION

Defendants have demonstrated neither good faith nor good cause for a 60-day extension to respond to the Complaint. Plaintiffs do not oppose a brief extension of time to prepare a response to the Complaint. Since Defendants' counsel has already reviewed the Complaint and determined to file a Motion to Dismiss, an extension of no more than 30 days should be sufficient.

Dated:   May 6, 2022.

/s/*Andrew Beckwith*
Andrew Beckwith
MA Bar No. 657747
Massachusetts Family Institute
401 Edgewater Place, Suite 580
Wakefield, MA 01880
781.569.0400
andrew@mafamily.org

Vernadette R. Broyles (GA Bar No. 593026)*
Mary E. McAlister (VA Bar No. 76057)*
CHILD & PARENTAL RIGHTS CAMPAIGN, INC.
5805 State Bridge Rd., Suite G310
Johns Creek, GA 30097
770.448.4525
vbroyles@childparentrights.org
mmcalister@childparentrights.org
* pro hac vice admissions pending
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically with the Court on May 6, 2022. Service will be effectuated by the Court's electronic notification system upon all counsel or parties of record.


/s/Andrew Beckwith
Andrew Beckwith

# EXHIBIT A



## Foote et. al v. Ludlow Public Schools

1 message

**Mary McAlister** <mmcalister@childparentrights.org>

**Mary McAlister** <mmcalister@childparentrights.org>                                    Fri,
Apr 29, 2022 at 3:31 PM To: DSL@robinsondonovan.com, npelletier@robinsondonovan.com
Cc: "Andrew Beckwith, Esq." <andrew@mafamily.org>, Vernadette Broyles
<vbroyles@childparentrights.org>

Dear Mr. Lawless:

I wanted to follow up with you regarding your email to Mr. Beckwith dated April 28, 2022. Motions to appear pro hac vice have been filed with the court for my partner Vernadette Broyles and me. We will be working with Mr. Beckwith on this case.

I am hoping that we can develop a collegial and professional relationship for the sake of both of our clients.
Unfortunately, I did not sense that in your email to Mr. Beckwith.

When you spoke with Mr. Beckwith on April 27th all of your clients except for Ms. Funke had already been served. Therefore a waiver of service would have been futile. Mr. Beckwith did indicate that we would not agree to such a waiver if it was still possible because we could not voluntarily agree to a 60 day period for your clients' response to the Complaint  without jeopardizing our request for injunctive relief.

We understand and can agree to an extension of time for your response to the complaint, particularly in light of the staggered service dates. We of course would not expect Mr. Gazda to respond by May 6th since the remaining defendants were not served until April 27th, except Ms. Funke. We hope that Ms. Funke will be served shortly. We are agreeable to setting the date for response from all Defendants to 30 days after Ms. Funke is served.

With regard to your contentions regarding the basis for the motion:

Your reference to failing to comply with FRCP 5.1 is not accurate. We are not challenging the constitutionality of a federal or state statute. We are challenging actions taken by your clients as violative of our clients' rights protected under the state and federal constitutions. We allege that your clients are interpreting and relying upon **guidance** from DESE, but are  not alleging anything about the constitutionality of that guidance.

We understand the length and complexity of the complaint and the need to meet and confer will

require some more time  so we are suggesting the time above as a compromise.

We welcome your sharing our communications with the court, so long as they include your email to Mr. Beckwith and this  email which shows an attempt to compromise on the time for filing a response.

As far as the service on Mr. Gazda, we can certainly argue about whether the process server strictly followed procedure in serving someone who represented they were authorized to receive service, but I don't think that is something that we want to bother the judge about since Mr. Gazda clearly was served.

As I said at the outset, I am hoping that we can strike a more collegial and professional tone with our interactions. It will benefit both our clients if we can work together without engaging in bombastic speeches ordering each other about.

Mary E. McAlister, Esq. Senior Litigation Counsel
Child & Parental Rights Campaign
P.O. Box 637
Monroe, VA 24574
(434) 610-0873
mmcalister@childparentrights.org
www.childparentrights.org

